IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IAN PATRICK STEWART,<br><br>Defendant. | Case No. 1:25-cr-00126<br><br>**UNITED STATES' MOTION FOR CONTINUED DETENTION** |

The United States of America, by Jennifer Klemetsrud Puhl, Acting United States Attorney for the District of North Dakota, and Jonathan J. O'Konek, Assistant United States Attorney, hereby moves this Court to continue to detain the defendant pending trial because, pursuant to both 18 U.S.C. § 3142(f)(2)(A) and (B), and the factors outlined in 18 U.S.C. § 3142(g), the defendant poses both a serious risk to the safety of the community and a flight risk.

At the defendant's upcoming July 2, 2025, detention hearing, the United States does not anticipate calling witnesses in support of its motion for detention. However, the United States incorporates by reference—and asks this Court to consider—the factual information contained within the United States' Notice Pursuant to Federal Rule of Evidence 404(b). (Doc. No 20). Additionally, the United States requests that this Court consider the following United States' exhibits at the defendant's detention hearing:

- Exhibit 1: Two short videos that the defendant uploaded to Facebook on May 13, 2025, after he broke into the Fort Union Trading Post National Historic Site ("Fort Union") wherein the defendant states, "I've seized Fort Union, I

scaled the wall last night;" and that he wants money paid to his children from the MHA Nation and states, "in exchange for that, I won't destroy the artifacts that are here." (Filed conventionally) (Located in discovery in electronic file folder E07).

- Exhibit 2: A photograph of the defendant holding a rifle that he obtained from Fort Union on May 13, 2025. (Located in discovery at Bates No. 326)

- Exhibit 3: A photograph of the defendant entering a shed at Fort Union where he engaged in a standoff and negotiations with Williams County Sheriff's Office SWAT personnel on May 13, 2025. (Located in discovery at Bates No. 330)

- Exhibit 4: Threats the defendant made to T.C. and Williams County Sheriff's Office personnel via text messages with a Williams County Sheriff's Office SWAT negotiator while at Fort Union on May 13, 2025. (Located in discovery at Bates Nos. 25-26).

- Exhibit 5: Threats the defendant made toward T.O., T.C., and former President Barack Obama in a May 5, 2025, email to T.O. (Located in discovery at Bates No. 208).

- Exhibit 6: Threats the defendant made toward a District of Columbia judge on X (formerly Twitter) on April 25, 2025. (Located in discovery at Bates No. 806).

- <u>Exhibit 7</u>: Threats the defendant made toward former President Barack Obama on X (formerly Twitter) on April 20, 2025. (Located in discovery at Bates No. 817).

## **LAW AND PROCEDURAL BACKGROUND**

On May 13, 2025, a federal grand jury returned an indictment charging the defendant with:

1. Burglary of Fort Union;

2. Damage to Property of the United States;

3. Terrorizing;

4. Malicious Mischief;

5. Threatening to Kill a Former United States President; and

6. Three Counts of Threatening Interstate Communications toward Williston, North Dakota, residents T.O., T.C., and J.E.

(Doc. No. 2).

At a detention hearing, the United States must demonstrate: 1) by a preponderance of the evidence that the defendant is a risk of flight; or 2) by clear and convincing evidence that no combination of conditions will reasonably assure the safety of the community. <u>See</u> 18 U.S.C. § 3142(f)(2).

## **ARGUMENT**

The United States requests that this Court detain the defendant pending trial because clear and convincing evidence establishes, if released, the defendant will

continue to threaten and endanger the community, specifically victims T.O., T.C., and T.C., and a preponderance of the evidence establishes that the defendant is a flight risk.

For a defendant who is pending trial, pursuant to 18 U.S.C. § 3142(f)(2) this court "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community . . . upon motion of the attorney for the Government . . . in a case that involves (A) a serious risk that such person will flee; or (B) a serious risk that such person will . . .threaten, injure, or intimidate, a prospective witness or juror." Thereafter, to determine whether conditions of release are applicable, this Court must consider:

    1) "the nature and circumstances of the offense charged;"

    2) "the weight of the evidence against the person;"

    3) "the history and characteristics of the person, including . . . criminal history;" and

    4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

18 U.S.C. § 3142(g).

At the defendant's upcoming detention hearing, the United States will proffer additional information for the court's consideration and will articulate how there are presently no conditions of release that would ensure the defendant's appearance and the safety of the community.

## **CONCLUSION**

Consequently, pursuant to both 18 U.S.C. § 3142(f)(2)(A) and (B), and the factors outlined in 18 U.S.C. § 3142(g), the United States asserts that the defendant poses both a serious risk to the safety of the community and a serious flight risk, and requests that this Court order that the defendant be detained pending trial.

Dated: June 26, 2025.

                                              JENNIFER KLEMETSRUD PUHL
                                              Acting United States Attorney

By:   */s/ Jonathan J. O'Konek*
        JONATHAN J. O'KONEK
        Assistant United States Attorney
        ND Bar ID 06821
        P.O. Box 699
        Bismarck, ND  58502-0699
        (701) 530-2420
        jonathan.okonek@usdoj.gov
        Attorney for United States