IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,           ) | |
| ) | |
| Plaintiff,                ) | **ORDER GRANTING MOTION FOR** |
| ) | **RELEASE FROM CUSTODY** |
| v.                              ) | |
| ) | |
| Ian Patrick Stewart,              ) | Case No.: 1:25-cr-00126 |
| ) | |
| Defendant.            ) | |

Defendant filed a *Motion for Release from Custody* and *Motion for Hearing* on September 3, 2025. (Doc. Nos. 35, 39). Defendant advised he has been accepted into the Mental Health Residential Rehabilitation Treatment Program at the Veteran's Administration Hospital in St. Cloud, Minnesota and requested release to attend treatment there. Defendant further requested the court hold an in-person hearing to discuss the proposed placement and to answer questions pertaining to Defendant's mental health condition.

The same day, the United States filed a response to Defendant's motions (Doc. No. 40). The United States joined in Defendant's request to have an in-person hearing and advised it would make its recommendation on the motion for release at the time of the hearing.

On September 4, 2025, the court granted Defendant's motion for hearing and scheduled an in-person hearing for September 5, 2025. (Doc. No. 41). On September 5, 2025, the court convened for the hearing. (Doc. No. 42). The court deferred ruling on Defendant's motion pending the receipt of a travel itinerary submitted to and approved by United States Probation and Pretrial Services. (Doc. No. 43). The same day, Defendant advised the court of his proposed travel plan and noted his warrants were still in the process of being quashed.

Based on the travel plan submitted by Defendant, the court is inclined to **GRANT** Defendant's motion. (Doc. No. 35). Defendant shall be released no earlier than 7:00 AM on September 17, 2025, to his wife, Rachel Stewart, for immediate transport to the Mental Health Residential Rehabilitation Treatment Program at the Veteran's Administration Hospital in St. Cloud, Minnesota. Defendant's release shall be subject to the following conditions:

1) The Defendant must not violate federal, state, tribal, or local law while on release.

2) Defendant must appear in court as required and must surrender to serve any sentence imposed.

3) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer. Defendant shall report to Pretrial Services Officer Stephanie Cherney at 701-530-2396 within 24 hours of arrival at the Mental Health Residential Rehabilitation Treatment Program at the Veteran's Administration Hospital.

4) Except upon prior approval from the Pretrial Services Officer, Defendant's travel is restricted to North Dakota and Minnesota.

5) Defendant shall refrain from: any use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner; any use of medical marijuana; and any use of inhalants. Defendant shall submit to drug/alcohol screening or participate in a remote alcohol testing program using continuous electronic alcohol testing at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test result.

6) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

7) Defendant shall not knowingly or intentionally have any direct or indirect contact with victim(s), witness(es), except that counsel for the Defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense.

8) Defendant shall undergo a substance abuse and/or mental health evaluation if required by the Pretrial Services Officer and comply with resulting counseling or treatment recommendations.

9) Defendant shall reside at the Mental Health Residential Rehabilitation Treatment Program at the Veteran's Administration Hospital and shall participate in the center's programs and abide by its rules and regulations.

10) Defendant must sign all release forms to allow the Pretrial Services officer to obtain information from the treatment facility OR to communicate with facility staff about Defendant's progress in the program.

    Any passes allowed by the treatment facility must be approved by the Pretrial Services Officer.

    If for any reason Defendant is terminated from the treatment program, Defendant must immediately surrender to the custody of the United States Marshal.

    At least 96 hours prior to anticipated completion of the treatment program, Defendant must advise the Pretrial Services Officer of Defendant's anticipated completion date so the Court may schedule a hearing to review Defendant's release status.

11) Defendant shall submit Defendant's person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of pretrial release.

    Defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition. The Pretrial Services officer may conduct a search under this condition only when reasonable suspicion exists that Defendant has violated a condition of release and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

12) Defendant shall surrender any passport and other foreign travel document(s) to the United States Probation and Pretrial Services Office.

13) Defendant shall not obtain a passport and other foreign travel document(s).

14) Defendant shall continue to take all mental health medications as prescribed.

15) Defendant must report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

16) Defendant must contact the US Marshal Service at 701-333-0660 within 48 hours to arrange processing.

If Defendant is unable to quash his outstanding warrants by September 17, 2025, he shall remain in custody pending further order of the court.

**IT IS SO ORDERED.**

Dated this 8th day of September, 2025.

                                                             */s/ Clare R. Hochhalter*
                                                             Clare R. Hochhalter, Magistrate Judge
                                                             United States District Court