IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IAN PATRICK STEWART,<br><br>Defendant. | Case No. 1:25-cr-00126<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

The United States of America, by Nicholas W. Chase, United States Attorney for the District of North Dakota, and Jonathan J. O'Konek, Assistant United States Attorney, hereby submit the United States' Sentencing Memorandum in the aforementioned case.

**SENTENCING RECOMMENDATION**

At the defendant's sentencing hearing, the United States requests that this Court:

- Order that the Defendant serve a sentence of 18 months' imprisonment;
- Order that the Defendant serve a three-year period of supervised release;
- Order that the Defendant pay restitution in the approximate amount of $18,650[1] to the National Park Service; and
- Order that the Defendant pay the $100 special assessment.

Additionally, at the Defendant's sentencing hearing, the United States will move to dismiss the remaining counts of the Indictment.

[1] The United States will submit specific restitution information at the time of the defendant's sentencing hearing.

## SENTENCING GUIDELINE CALCULATIONS

The Presentence Investigation Report (PSR) establishes the following Sentencing Guidelines:

- **12**. Base Offense Level: USSG § 2B2.1(a)(2) (structure other than a residence)
- **+2**. More than minimal planning: USSG § 2B2.1(b)(1)
- **+2**. Loss of more than $25,000: USSG § 2B2.1(b)(2)(C)[2]
- **+1**. Firearm taken: USSG § 2B2.1(b)(3)
- **+2**. Dangerous weapon possessed: USSG § 2B2.1(b)(4)
- **-2**. Acceptance of responsibility: USSG § 3E1.1(a)
- **-1**. Timely notifying the United States of Defendant's intention to enter a guilty plea: USSG § 3E1.1(b)
- **Final Offense Level**: 16
- **Criminal History Category**: I

The United States does not object to the above PSR calculations or to its established Sentencing Guideline range of **21 to 27 months' imprisonment**. (Doc. 80, p. 16). However, as noted in footnote 2 below, the United States will advocate for a FOL 15

[2] In the plea agreement, the parties contemplated a +1 enhancement for the loss amount being more than $5,000. (Doc. No. 66, p.4). At sentencing, the United States anticipates that evidence will establish a loss amount of $18,650, which will trigger a +1 loss enhancement. However, if evidence demonstrates a higher loss amount, the United States will request that this Court impose a variance to a +1 loss enhancement to take into consideration what the parties contemplated in the plea agreement.

and CHC, which establishes a sentencing guideline range of **18-24 months' imprisonment**.

## FACTUAL BACKGROUND AND 18 U.S.C. § 3553(A) FACTORS

On June 4, 2026, a federal grand jury returned an Indictment charging the defendant with one count of Burglary, one count of Damage to Property of the United States, one count of Terrorizing, one count of Malicious Mischief, one count of Threatening to Kill a Former United States President, and three counts of Threatening Interstate Communications. On July 6, 2026, the defendant pleaded guilty to Count One (Burglary) of the Indictment.

On or about May 13, 2025, the defendant broke into the Fort Union Trading Post National Historic Site when the premises were not open to the public. A few hours later, a Fort Union employee discovered the defendant's presence when she arrived to begin her work shift and observed signs of damage to the fort entrance and bell tower. At the time the employee encountered the defendant, he was armed with a fire poker. The defendant then escorted the employee off the premises, at which point the employee called 911.

Thereafter, law enforcement arrived on scene and contacted the defendant through cell phone calls and text messages. The defendant stated that he would not exit the premises peacefully and made various demands and threatening statements. During this time, the defendant also live-streamed the events to Facebook, showing himself occupying the premises. Drone footage of Fort Union also established that the defendant carried firearms, apparently antique rifles kept on the premises as artifacts. When the

Williams County SWAT Team arrived, the defendant barricaded himself in a shed attached to the interior walls of the Fort and covered the windows with artifacts including animal hides and blankets. The SWAT team deployed multiple rounds of chemical agents into the shed and eventually the defendant came out to surrender unarmed.

In the interest of transparency and fairness, the United States notes for the Court that the defendant has a documented history of mental health illnesses, and his condition may be considered as part of the circumstances of the offense. *See* 18 U.S.C. § 3553(a)(1). And, earlier this summer, this Court permitted the defendant to reside back at his home in Williston, North Dakota, where he complied with his release conditions. Additionally, the defendant took responsibility for his actions by pleading guilty to Count One of the Indictment, allowing the United States to use its judicial resources efficiently.

However, although there are factors that mitigate the defendant's conduct, he caused substantial damage to Fort Union, both by his own act of breaking in and by causing Williams County SWAT to deploy chemical munitions into the shed attached to the Fort's walls. Moreover, the defendant also threatened to cause substantial damage to artifacts owned by the National Park Service (NPS) during his occupation of the premises as well as threatened other individuals. The National Park Service estimated a total amount of $18,650 in damages to NPS property. Therefore, consideration of the 3553(a) factors favors a sentence including incarceration and restitution.

## CONCLUSION

The defendant burglarized the Fort Union Trading Post National Historic Site—creating a substantial disturbance—and caused an estimated $18,650 in damage to property owned by the NPS. Consequently, the United States posits that a total sentence of eighteen months' imprisonment, three years of supervised release, and payment of restitution is a sentence that is sufficient but not greater than necessary. This sentence will promote deterrence, promote respect for the law, and also take into account the nature and circumstances of the offense and the history and characteristics of the defendant, including his mental health struggles.

Dated: October 22, 2026

NICHOLAS W. CHASE
United States Attorney

By: */s/ Jonathan J. O'Konek*

JONATHAN J. O'KONEK
Assistant United States Attorney
ND Bar ID 06821
P.O. Box 699
Bismarck, ND 58502-0699
(701) 530-2420
jonathan.okonek@usdoj.gov
Attorney for United States